# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | CASE NO. 2:22-cr-00071(1) |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| **WILBUR W. BARR,** : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter comes before this Court on the Federal Bureau of Prisons' ("BOP") letter to this Court (ECF No. 53) requesting clarification of Defendant Wilbur Barr's federal sentence in relation to his later-imposed state sentence. For the reasons set forth below, this Court hereby **AMENDS** its April 18, 2023, Judgment (ECF No. 43) to reflect this Court's intent that Mr. Barr's federal sentence is to run concurrently to his state sentence. It is **FURTHER ORDERED** that the BOP credit Mr. Barr the time he spent in service of his state sentence and, as soon as practicable, release him forthwith.

### I. BACKGROUND

On April 14, 2023, this Court sentenced Mr. Barr to a 30-month term of confinement, later reduced to 27 months, for being a felon in possession of a firearm. At the time of his federal sentencing, Mr. Barr was under the primary jurisdiction of state authorities in West Virginia and brought to this Court via a writ of habeas corpus. (*See* ECF No. 38). Several months later, on August 18, 2023, Mr. Barr was sentenced in West Virginia to a state term of imprisonment between one and fifteen years for Reckless Fleeing in a Vehicle and Possession with Intent to Deliver

Methamphetamine. (ECF No. 53). According to the BOP, the state court noted that Mr. Barr's state sentence may run concurrently with the federal sentence. (*Id.*)

On March 25, 2024, Mr. Barr completed his state court sentence and commenced his federal sentence shortly thereafter. *See* 18 U. S. C. § 3585(a). He has since asked the BOP to credit the time he spent in state custody toward his federal sentence, which the BOP considers a request for a retroactive designation that "would in turn make [Mr. Barr's] federal sentence concurrent with his state term." (ECF No. 53, at 1). According to the BOP, if this Court indicates that the federal sentence is to run concurrently with the state term, the result would be Mr. Barr's release from federal custody. (*Id.*, at 2). If, on the other hand, the federal sentence is to run consecutively to the state term, Mr. Barr faces a current projected release date of May 30, 2025. (*Id.*).

## II. LAW & ANALYSIS

The authority to order a federal sentence concurrent with or consecutive to any other sentence rests with the federal sentencing court. *Setser v. United States*, 566 U.S. 231, 237 (2012). But where a federal sentence does not specify whether it is concurrent or consecutive to other sentences, a statutory default that generally requires that sentences imposed at different times run consecutively. *See* 18 U.S.C. § 3584(a). This, however, does not apply to a yet-to-be-imposed state sentence. *See Setser*, 566 U.S. at 234 (noting that § 3584 "does not cover the situation here . . . [h]ere, the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence").

Rather, under those circumstances, the BOP can invoke its power under 18 U.S.C. § 3621(b) to designate the federal prisoner's place of imprisonment and effectively resolve the question of whether the federal sentence runs concurrently or consecutively to a state sentence. *Setser*, 566 U.S. at 244. BOP policy permits the retroactive designation of a non-federal institution

so long as "it is consistent with the federal sentencing court's intent." *See* Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence, § 9(b). This intent can be made known through a court order or recommendation, *id*. § 9(b)(3), or an inmate's request that the time he spent in state custody be credited against his federal sentence, *id*. § 9(b)(4).

The question of whether Mr. Barr's federal sentence was to run concurrently to his not-yet-imposed state sentence does not appear to have been raised at sentencing, as the Judgment did not address it. But having reviewed the relevant facts from Mr. Barr's sentencing in light of the Presentence Report and the pertinent sentencing factors, this Court concludes that, had it been given the opportunity to address the state sentence, it would have ordered Mr. Barr's federal sentence to run concurrently to the state sentence. At the time, this Court sentenced Mr. Barr to the lowest end of his advisory Sentencing Guideline Range, which was 30 to 37 months (for net offense level of 12 with a criminal history of VI). This Court subsequently reduced his sentence to 27 months, pursuant to an amendment to the Sentencing Guidelines that further lowered Mr. Barr's criminal history category (ECF No. 50). As the record reflects, too, Mr. Barr's past criminal history is that of someone who has struggled with mental health, substance abuse, and lack of guidance in his youth. Sporadically, throughout the years, up to and including the time of his federal conviction, Mr. Barr received mental health treatment and participated in various substance abuse programs. A concurrent sentence is therefore adequate to accomplish the goals of sentencing, including fair punishment, deterrence, rehabilitation, and community safety.

This Court therefore **AMENDS** its Judgment (ECF No. 43), as set forth below, to reflect Mr. Barr's reduced federal sentence (*see* ECF No. 50) and this Court's intent that Mr. Barr's federal sentence is to run concurrently to the state sentence imposed on August 18, 2023, in Ohio

Circuit County Court, West Virginia. In all other respects, the April 18, 2023, Judgment remains the same.

Consistent with this Order, the BOP **shall** credit Mr. Barr for the time he spent in service of his state sentence and, as soon as practicable, release him forthwith. (*See* ECF No. 53, at 2 ("Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on a date which would result in the release from Bureau custody of Mr. Barr.").

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that the April 18, 2023, Judgment (ECF No. 43, at 2) is **AMENDED** as follows:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
>
> <u>Twenty-seven (27) months, to be served concurrently with the state sentence imposed on August 18, 2023, in Ohio Circuit County Court, West Virginia, Case No. CC-35-2022-F-94.</u>

All other aspects of the April 18, 2023, Judgment shall remain the same.

It is **FURTHER ORDERED** that the BOP credit Mr. Barr for the time he spent in service of his state sentence and, as soon as practicable, release him forthwith.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  November 15, 2024**